## WESTON et v BEAVER-REMMERS-GRAHAM CO

Ohio Appeals, 2nd Dist, Montgomery Co No. 917. Decided July 24, 1929

Messrs. W. B. Turner and Guy H. Wells, Dayton, for Weston et.

Messrs. Paxton & Seasongood, Cincinnati, Brown, Frank & Thomas, and McMahon, Corwin, Landis, & Markham, Dayton, for Beaver-Remmers-Graham Co.

ALLREAD, J.

Upon the evidence, we are unable to find that there is any trust ex maleficio which can be asserted in favor of the plaintiffs. All the acts of the defendants herein were under the statutes and there is no evidence tending to prove that any trust of a nature ex maleficio has arisen in favor of the plaintiffs. Independent, however, of this feature of the case, we are of opinion that the intervening petitioners made a claim under the common law liability in their favor, and we think this claim must be considered.

The first question is whether the statute as provided in Section 8713, et seq., for dissatisfied stockholders of corporations is conclusively the remedy which the intervening petitioners are required to assert, or whether they may allow the time limits of these statutes to expire and still prosecute their action under the common law.

Shortly after this controversy arose, the plaintiff's counsel wrote to the Beaver Soap Company, a letter which among other things stated:

"We desire to protest on behalf of Edward B. Weston, to the proposed consolidation of the Beaver Soap Company with the Remmers-Graham Company, and to say that Mr. Weston is dissatisfied therewith, because on the basis set forth in the prospectus, large

values of stock are taken from the preferred and given to the common stockholders. You are hereby notified that with respect to said 406 shares of stock, Edward B. Weston will stand upon his statutory rights and hereby demands payment for said stock."

It is true this letter was written before the consolidation but the claim is made that the intervening petitioners were intending to rely upon their statutory rights, and as this letter forms the basis of the objections of the stockholders, we are of opinion that they did thereby invoke the benefits of the statute. Still, however, even if this letter does not bind the intervening petitioners to accept the benefits of the statute, we are clearly of opinion that the statutes, being Sections 8713 et seq., becomes the exclusive remedy of the dissatisfied stockholders. In this statute there is a limitation of time which we think becomes effective in this case. The new company after acquiring the stock of the Beaver Soap Company and after the statutory periods for the completion of the claim of the dissatisfied stockholders, mortgaged the property of the company to the other defendants who have filed answer and cross-petitions herein.

The record shows that the sale of the entire property is not sufficient to pay these preferred claims in full and that whatever is allowed the plaintiffs must be allowed out of the money otherwise payable to these mortgagees. The common law, if applicable would allow these intervening petitioners to present their claim even after the filing of the mortgages to the preferred creditors and would allow them their claim in advance of said mortgages.

We are of opinion that the statute intended to require the dissatisfied stockholders to present their claims within the time allowed by the statute above referred to. They did, in fact present their claim under the statutes but have failed to agree or attempt to agree within the time prescribed in said statute with the directors of said company as to the method of fixing the value of their preferred stock, and have done nothing under the statutes up to the time of filing the answer and the cross-petition under the common law. The petition herein was filed more than one year after the cause of action arose.

The intervening petitioners claim that the statute is unconstitutional because it does not provide for the enforcement of the award by an action in any court. We are of opinion, however, that the statute fixes the award as a matter of fact-finding, and it would therefore be enforceable under the general statutes as to the enforcement of awards of arbitrators. We are clear that the act is not unconstitutional and that the plaintiff, if he had proceeded under the statute, would have been guaranteed his right to the value of his preferred stock at the time the same was taken over by the new company.

The failure of the stockholder to prosecute his rights under the statute, is, in our

judgment, a complete bar to the present action. The decree will, therefore, be in favor of the appellant, as found in the record of the Court below.

Decree accordingly.

Kunkle & Hornbeck, JJ., concur.